UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIK MOTA,

      Petitioner,

v.                                    CASE NO. 6:14-cv-2044-Orl-37TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1).   Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions.   (Doc. 7).   Petitioner filed a reply to the response.   (Doc. 9).

Petitioner asserts one ground for relief.   For the following reasons, the petition is denied.

## I.   PROCEDURAL BACKGROUND

Petitioner was charged with first degree murder (count one), aggravated battery causing great bodily harm (count two), kidnapping (count three), and shooting at or into an occupied vehicle (count four).   (Doc. 8-8 at 20-26).   A jury found Petitioner guilty as charged of counts one, two, and four and guilty of the lesser included offense of false imprisonment as to count three.   (*Id.*).   The trial court sentenced Petitioner to life in prison for count one, a consecutive thirty-year term of imprisonment for count two, a

concurrent five-year term of imprisonment for count three, and a concurrent fifteen-year

term of imprisonment for count four.   *Id*. at 77-81.   Petitioner appealed, and the Fifth

District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*.   (Doc. 8-10 at 1).

Petitioner subsequently filed a motion for post-conviction relief pursuant to Rule

3.850 of the Florida Rules of Criminal Procedure.   The state court denied the motion, and

Petitioner appealed.   (*Id.* at 43-46).   The Fifth DCA affirmed *per curiam*.   (*Id.* at 57).

## II.   LEGAL STANDARD

Pursuant to the Antiterrorism Effective Death Penalty Act ("AEDPA"), federal

habeas relief may not be granted with respect to a claim adjudicated on the merits in state

court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the

holdings of the Supreme Court of the United States "as of the time of the relevant state-

court decision."   *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court

decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider."   *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d

1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the
> state court arrives at a conclusion opposite to that reached by [the United
> States Supreme Court] on a question of law or if the state court decides a
> case differently than [the United States Supreme Court] has on a set of
> materially indistinguishable facts. Under the 'unreasonable application'
> clause, a federal habeas court may grant the writ if the state court identifies
> the correct governing legal principle from [the United States Supreme
> Court's] decisions but unreasonably applies that principle to the facts of the
> prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

state court's decision "was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding." A determination of a factual

issue made by a state court, however, shall be presumed correct, and the habeas petitioner

shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III.   ANALYSIS

Petitioner contends the trial court violated his constitutional rights by denying his

motion to suppress his pre-trial statement to police. In support of the claim, Petitioner

maintains that the detective's incorrect statement, given when Petitioner was first

advised of his *Miranda*[1] rights, served to make Petitioner's subsequent waiver of his rights involuntary.   Specifically, the detective told Petitioner that he "still had to talk to [police]" even if he wanted to have an attorney present.   (Doc. 1 at 5).

Petitioner moved to suppress his statement prior to trial.   (Doc. 8-7 at 18-22). The trial court conducted a hearing and denied the motion.   (Doc. 8-8 at 3, 87-90; Doc. 8-9 at 1-34).   Petitioner raised the issue on appeal.   The Fifth DCA affirmed the trial court's denial of the motion to suppress, citing *Edwards v. Arizona*, 451 U.S. 477 (1981), for the proposition that an "accused may, after invoking his right to counsel, voluntarily initiate further communication with police".   (Doc. 8-10 at 1).

"The Fifth Amendment guarantees that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'"   *New York v. Quarles,* 467 U.S. 649, 653 (1984).   Consequently, "[p]rior to questioning, a suspect 'must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.'" *J.D.B. v. North Carolina*, 131 S. Ct. 2394, 2401 (2011) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).   Following a request for counsel by the accused, law enforcement may not resume questioning without the presence of counsel unless the accused initiates further communication with the police.   *Edwards,* 451 U.S. at 484–85 ("[A]n accused, such as [the defendant], having expressed his desire to deal with the police only through

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."). Additionally, in cases involving review of a state criminal judgment pursuant to 28 U.S.C. § 2254, "an error is harmless unless it 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Fry v. Pliler*, 551 U.S. 112, 116, 127 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)).

In the instant case, the record reflects that a detective advised Petitioner of his *Miranda* rights, and Petitioner invoked his right to counsel. (Doc. 8-7 at 24-26). After Petitioner invoked his right to counsel, the detective told Petitioner, "So are you sure in what you are saying is that you need an attorney and you want one here present, because you still have to talk to us." (*Id*. at 25). Petitioner continued to invoke his right to counsel, and the interview ceased. (*Id*. at 25-26).

Approximately an hour after the interview concluded, Petitioner knocked on the door of the interview room, requested to go to the bathroom, and told the officer at the door that he wanted to talk to the detective. (Doc. 8-9 at 5). As a result, a detective re-advised Petitioner of his *Miranda* rights. (*Id*.). Petitioner waived his rights and affirmed he wanted to speak to them. (*Id*. at 6). It was undisputed that the second *Miranda* warnings were correct. (*Id*. at 6-8).

The state court's denial of this ground is not contrary to, or an unreasonable

5

application of, federal law or an unreasonable determination of the facts in light of the evidence presented.   After being advised of his *Miranda* rights, Petitioner invoked his right to counsel.   Consequently, the interview stopped.   Petitioner then initiated further communication with police, was properly advised of his *Miranda* rights, waived his rights, and made a statement to police.   Any error resulting from the detective's erroneous statement when first advising Petitioner of his *Miranda* rights was cured when she correctly advised Petitioner of his *Miranda* rights after he initiated further communication.

Moreover, even assuming the trial court erred in denying Petitioner's motion to suppress, the error was harmless.   The evidence of Petitioner's guilt was overwhelming. Petitioner's ex-girlfriend testified that Petitioner followed her and the deceased and shot into their vehicle hitting them while they were driving.   The deceased then stopped the vehicle, and Petitioner shot the deceased when the deceased exited his vehicle and was lying on the ground.   Petitioner's ex-girlfriend was shot in the stomach and hand, and the deceased was shot four times.   Therefore, the jury heard ample evidence from which it could find Petitioner guilty even if Petitioner's statement had been suppressed. Accordingly, Petitioner's claim is denied pursuant to section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.   Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.   Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. 1) filed by Erik Mota is

**DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to enter judgment accordingly and close

this case.

**DONE AND ORDERED** in Orlando, Florida, this 31st day of December, 2015.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1
Counsel of Record
Erik Mota